### RICHMOND HOSIERY MILLS v. ROSE.

### No. 7406.

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1934.

Jos. B. Brennan, of Atlanta, Ga., for appellant.

Wm. B. Waldo, Sp. Asst. to Atty. Gen., and Lawrence S. Camp, U. S. Atty., and M. Neil Andrews, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellant, the Richmond Hosiery Mills, brought suit against appellee, J. T. Rose, former collector of Internal Revenue, to recover back $5,751.45, with interest, alleged to have been erroneously assessed by the Commissioner on its income and profits taxes returns for the year 1917 and paid under protest. A verdict was directed for defendant, to which appellant assigns error.

There is no dispute as to the material facts.

Appellant is a large manufacturer of hosiery. In 1908 it developed a product superior in quality to anything theretofore put out, adopted the trade-mark "Wunderhose" to designate it, and began an intensive advertising campaign to put the line on the market. From 1908 to 1914, inclusive, the amount expended on advertising "Wunderhose" was $218,797.27. After 1914 the intensive advertising campaign ceased and thereafter approximately $2,500 a year was spent in general advertising of all lines. Until 1917 the amount expended for advertising was charged to expense and annually deducted

in computing net income. After the adoption of the Act of March 3, 1917 (39 Stat. 1000), and the Revenue Act of 1917 (40 Stat. 300), which imposed excess profits taxes, appellant transferred the total amount expended for advertising "Wunderhose" to capital account and made its returns on income and profit taxes for 1917 on that basis. This was disallowed by the Commissioner.

The theory of plaintiff's case is that by advertising "Wunderhose" a capital asset of value in future years was created. In support of this a tabulation of the gross sales of "Wunderhose" and all other products was introduced in evidence by stipulation. From that it appears that the gross sales of "Wunderhose" in 1914, the last year of the intensive advertising campaign, were, in round figures, $354,000 while the gross sales of other goods were $522,000. In 1915 sales of "Wunderhose" dropped to $333,000 while the sales of other goods had increased to $619,-000. Thereafter there was an increase in the gross sales of both "Wunderhose" and other goods until in 1920, the last year shown, the gross sales of "Wunderhose" mounted to $1,-527,000 and all other goods to $2,570,000.

It may be conceded that if the amount expended for advertising had been erroneously charged to expense, appellant was entitled to thereafter transfer the amount to invested capital, if the expenditure could be properly considered a capital item. We do not consider that appellant has sustained the burden of proving this. Merely to show an increase in the value of gross sales is not enough, considering that the gross sales of other lines manufactured by appellant had increased in about the same ratio. It is not shown that any greater number of "Wunderhose" stockings were sold, and it may well be that the increase in the value of sales resulted from the increased price, which was incident to all lines of merchandise during the war period, nor is it shown that any contracts were acquired that could be looked to for future business. Cf. United Profit-Sharing Corporation v. U. S., 66 Ct. Cl. 171. Nor is the case of Goodell-Pratt Co., 3 B. T. A. 30 in point. The advertising did not tend to improve the quality of the product nor to reduce the cost of production.

Furthermore, we think that appellant's claim must fail in any event. Section 207 (a) of the Revenue Act of 1917 (40 Stat. 306), which governs, provides that good will, trade-marks, and trade-brands of a corporation shall be included as invested capital if the corporation made payment bona fide therefor specifically as such in cash or tangible property. Appellant paid nothing for the trade-mark "Wunderhose," and, while the advertising may have increased its value if appellant should at some future time determine to sell it, the increase in value caused in that way could not be considered invested capital in determining the basis upon which to calculate income and excess profits taxes. La Belle Iron Works v. U. S., 256 U. S. 377, 41 S. Ct. 528, 65 L. Ed. 998; W. H. Hill Co. v. Commissioner (C. C. A.) 64 F.(2d) 506.

The record presents no reversible error.

Affirmed.